# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

**Solomon Mekonnen,**   **Civil File No. 09-1359 PAM/SRN**

       **Plaintiff,**

**v.**

                                     **REPORT AND RECOMMENDATION**

**Metropolitan Airport Commission,**

       **Defendant.**

___

Solomon Mekonnen, pro se, 1485 St. Paul Ave., St. Paul, Minnesota 55116.
___

SUSAN RICHARD NELSON, United States Magistrate Judge

*Pro se* Plaintiff Solomon Mekonnen commenced this action on June 9, 2009, by filing a self-styled complaint and an application to proceed in forma pauperis, ("IFP") [Doc. Nos. 1 and 2]. The Court previously examined those submissions and found Plaintiff's Complaint to be defective, because it failed to allege sufficient facts to state an actionable claim for relief [Doc. No. 4]. The Court also found Plaintiff's IFP application to be incomplete. Because of those deficiencies, the Court entered an Order, dated June 11, 2009, which informed Plaintiff that his IFP application would be "denied without prejudice." The Order gave Plaintiff an opportunity to file an amended complaint, and to either (a) file an amended IFP application, or (b) pay the $350 filing fee for this action. Plaintiff was advised that if he did not submit both an amended complaint, and an amended IFP application, (or the $350 filing fee), within thirty (30) days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

1

At the same time that the Court denied Plaintiff's IFP application, it referred him to the Federal Bar Association's Pro Se Project. Attorney Daniel Gustafson, coordinator of the Pro Se Project, contacted attorney Anh Le Kremer about representing Plaintiff. Ms. Kremer advised the Court she did not intend to enter an appearance on behalf of Mekonnen.

The deadline for complying with the Court's June 11, 2009 Order has now passed and Plaintiff has not satisfied the requirements of that Order. Plaintiff has not filed an amended IFP application or paid the filing fee, nor has he filed an amended complaint. Furthermore, Plaintiff has offered no explanation or excuse for his failure to comply with the prior order.

Therefore, it is now recommended, in accordance with the Court's prior Order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (table decision) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.


Dated: April 13, 2010					s/ Susan Richard Nelson
							SUSAN RICHARD NELSON
							United States Magistrate Judge

2

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 28, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.